UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

Plaintiff,

V.   CIVIL ACTION NO

TATE & KIRLIN ASSOCIATES, INC.

Defendant.   FEBRUARY 21, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 2810

SOUTHAMPTON RD., PHILADELPHIA, PA 19154 and is authorized to do business in Maryland.

8. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff contacted the Defendant via telephone on or about November 6, 2010 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

11. The collection agent identified herself as "Brenda."

12. Defendant through their collection agent advised the Plaintiff that she could not dispute the debt through the collection agency but was required to contact the creditor "Bill me latter Inc., which statement is false deceptive and misleading and in violation of the procedures set out in the FDCPA's validation of debts clause §1692g.

13. The Defendant advised the Plaintiff that she could not dispute this debt, without consequences, including being sued by the Defendant which statement is false, deceptive and misleading in violation of §1692e.

14. The Defendant intentionally lied to the Plaintiff stating if she disputed the account would be returned to "Bill me latter Inc." and they would file suit against her.

15. The Defendant stated this account must be your debt and stated the Plaintiff was lying about not owing this account.

16. The Defendant failed to advise the Plaintiff of the required notice pursuant to §1692e (11).

17. Based on information and belief the defendant has reported this account to the credit bureaus, without note of the consumers dispute as required by §1692e(8).

18. Defendant communicated with plaintiff by letter dated October 6, 2010 in connection with collection efforts with regard to plaintiff's disputed personal debt. ***See Exhibit No. "1."***

19. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

20. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. Defendant in its collection letter dated October 6, 2010 (Exhibit "1") advised the Plaintiff pursuant to §1692g (4) that "If you notify this office in writing within 30 days from receiving that you dispute the validity of this debt or any portion therof, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification."

22. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

23. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

24. The allegations of the First Count are repeated and realleged as if fully set forth herein.

25. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

26. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MDCDCA.

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/ _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com